IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | |
| TAI TAN NGUYEN | VIOLATION: |
| Defendant. | 31 U.S.C. § 5324(c)(1), (d)(1) (Failure to File Currency Report) |
| | 31 U.S.C. § 5332(a)(1) (Bulk Cash Smuggling) |
| Case: 1:17-cr-00238<br>Assigned To : Judge McFadden, Trevor N.<br>Assign. Date : 12/7/2017<br>Description: INDICTMENT (B) | 18 U.S.C. § 1001 (a)(2) (False Statement) |
| | FORFEITURE: 28 U.S.C. § 2461; 31 U.S.C. §§ 5317(c)(1)(A), 5332(c)(1); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
### (Failure to File a Currency Report)

1. On or about April 8, 2016, within the District of Columbia, the District of Hawaii, and elsewhere, the defendant, TAI NGUYEN, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, failed to file a report required by section 5316, when he transported approximately $82,588 in United States currency from a place in the United States to or through a place outside the United States, to wit, from Hawaii to Thailand.

**(Failure to File a Currency Report, in violation of Title 31, United States Code, Section 5324(c)(1), (d)(1))**

## COUNT TWO
## (Bulk Cash Smuggling)

2. The allegations contained in paragraph 1 of this Indictment are re-alleged and incorporated as though set forth in full herein.

3. On or about April 8, 2016, within the District of Columbia, the District of Hawaii, and elsewhere, the defendant, TAI NGUYEN, with the intent to evade a currency reporting requirement under 31 U.S.C. § 5316, knowingly concealed more than $10,000 in currency on his person, in a conveyance, article of luggage, merchandise, and other container, and transported and attempted to transport such currency from a place within the United States to a place outside of the United States, that is Hawaii to Thailand.

**(Bulk Cash Smuggling, in violation of Title 31, United States Code, Section 5332(a)(1))**

## COUNT THREE
## (False Statements)

4. The allegations contained in paragraphs 1 through 3 of this Indictment are re-alleged and incorporated as though set forth in full herein.

5. On or about October 27, 2016, within the District of Columbia, in a matter within the jurisdiction of the executive branch of the United States, namely Homeland Security Investigations, the defendant, TAI NGUYEN, did willfully and knowingly make materially false, fictitious and fraudulent statements and representations, to wit, statements by the defendant to Homeland Security Investigations denying that defendant carried the above-referenced currency out of the United States.

**(False Statements, in violation of Title 18, United States Code, Section 1001(a)(2))**

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Count One, the defendant shall forfeit to the United States any and all property, real or personal, involved in the offense, and any property traceable thereto, pursuant to 31 U.S.C. § 5317(c)(1)(A). The United States will also seek a forfeiture money judgment against the defendant of $82,588.

2. Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States any property involved in the violation, and any property traceable to such violation, pursuant to 31 U.S.C. § 5332(c) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant of $82,588.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture,** pursuant to Title 31, United States Code, Sections 5317(c)(1)(A) and 5332(c); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).)

A TRUE BILL

*Jessie K. Liu* [signature]

FOREPERSON

Attorney of the United States in
and for the District of Columbia